# CONCURRING OPINION

No. 04-09-00069-CV

**IN THE INTEREST OF A.M.**, A.M., and B.M., Children

From the 131st District Court, Bexar County, Texas
Trial Court No. 2008-PA-01447
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Rebecca Simmons, Justice
Concurring opinion by: Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed: February 24, 2010

I concur in the judgment; however, I write separately to urge the Legislature to amend the

Family Code so as to avoid the inequitable result reached in this case.

Chapter 102 of the Texas Family Code sets forth the provisions governing the filing of a suit

affecting the parent-child relationship. Section 102.005 lists the individuals who have standing to

file a suit for adoption. *See* TEX. FAM. CODE ANN. § 102.005 (Vernon 2009). Section 102.006, on

the other hand, lists the individuals who lack standing to file such a suit, including "a family member

or relative . . . of . . . a former parent whose parent-child relationship has been terminated . . . ." *Id.*

§ 102.006(a)(3). However, section 102.006 also provides an exception to this exclusion, which as

applicable here, is "an aunt who is a sister of a parent of the child . . . ." *Id.* § 102.006(c). To

establish her standing to file a suit affecting the parent-child relationship, the aunt must satisfy one

of three requirements; she (1) has a continuing right to possession of or access to the children under

an existing court order; (2) has the consent of the children's managing conservator, guardian, or legal

custodian to bring the suit; or (3) files an original suit "not later than the 90th day after the date the

parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship." *Id.* § 102.006(b), (c).

Chapter 162 of the Texas Family Code sets forth the provisions specifically governing the adoption of a child, including a requirement that, "[u]nless the managing conservator is the petitioner, the written consent of a managing conservator to the adoption must be filed." *Id.* § 162.010(a). However, section 162.010 allows the court to "waive the requirement of consent by the managing conservator if the court finds that the consent is being refused or has been revoked without good cause." *Id.* Unlike section 162.010(a), section 102.006(b) does not include the same good cause component. Although I must agree with the majority's conclusion that there is no statutory basis to import the good cause requirement of section 162.010(a) into section 102.006(b), I believe the State's interest in keeping families together is best served by amending section 102.006(b) to include such a requirement.

The children at issue in this case lived with their aunt for two years until they were removed by the Department based upon unsubstantiated allegations of abuse. After determining the abuse allegations were unsubstantiated, the Department allowed the aunt to visit the children, including unsupervised overnight visits. The aunt believed, based at least in part upon the Department's own actions, that she would be allowed to adopt the children. However, once she moved forward with her attempt to adopt the children, the Department filed a motion to dismiss based on lack of standing despite her substantial past contact with the children. *See id.* § 102.005(5) (allowing "another adult

whom the court determines to have had substantial past contact with the child sufficient to warrant standing" to file an original suit requesting adoption).  Because ninety-days had passed since the termination of the parent-child relationship, the Department could refuse consent for any reason or for no reason at all.  And, because section 102.006(b) does not include a good cause component, the trial court is prevented from hearing evidence on the issue of consent.  I do not believe the Legislature intended to give the Department such unchecked authority; therefore, I ask the Legislature to amend section 102.006 to allow the trial court to waive the requirement of consent by the Department if the court finds that the consent is being refused or has been revoked without good cause.

Sandee Bryan Marion, Justice